Rivera v 95th & Third LLC (2024 NY Slip Op 03018)

Rivera v 95th & Third LLC

2024 NY Slip Op 03018

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 150811/18 Appeal No. 2044 Case No. 2023-01226 

[*1]Fausto R. Rivera, Appellant,
v
95th and Third LLC et al., Respondents.

Gorayeb & Associates, P.C., New York (Martin J. Moskowitz of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Jung Hoon Yang of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered February 9, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants 95th and Third LLC, Gilbane Residential Construction LLC for summary judgment dismissing plaintiff's Labor Law § 240(1) cause of action, unanimously reversed, on the law, the motion denied, and plaintiff's Labor Law § 240(1) cause of action reinstated, without costs.
Plaintiff was injured while he was assisting with the erection of a large stone structure on the terrace of a building. During the work, several of the stones, which weighed approximately 3,500 pounds each, had to be removed and replaced. As a hoist exerted pressure on the stone, the stone broke, swung to the side, and pinned plaintiff's hand against an adjacent wall.
Defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim should have been denied. The record before the motion court failed to demonstrate, as a matter of law, whether the stone merely moved laterally or in a pendulum-like fashion. If it was the latter, which the record supports, it would implicate the force of gravity. Accordingly, the record raised a permissible inference that the provided safety devices "'proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (Smith v Broadway 110 Developers, LLC, 80 AD3d 490, 491 [1st Dept 2011], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Questions of fact thus precluded the award of summary judgment.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024